**MEDIC–VAC AMBULANCE, INC., Plaintiff,**

v.

**Richard S. SCHWEIKER, in his official capacity as Secretary of the Department of Health and Human Services, et al., Defendants.**

**No. LR–C–83–61.**

United States District Court,
E.D. Arkansas, W.D.

Sept. 7, 1984.

---

Charles Davidson, Little Rock, Ark., for plaintiff.

Curtis Nebben, Asst. Atty. Gen., Little Rock, Ark., for State of Ark.

Katherine McGovern, Asst. U.S. Atty., Little Rock, Ark., for Secretary Schweiker.

## ORDER

HENRY WOODS, District Judge.

Defendants Schweiker and the Department of Health and Human Services move the Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction. The complaint alleges constitutional violations in the processing of Medicare and Medicaid claims submitted to defendants by plaintiff, including due process violations, discriminatory treatment, and damages caused by suspension of payments. Jurisdiction over such claims is governed by the provisions of 42 U.S.C. § 405(g) and (h).

Plaintiff asserts four bases of jurisdiction over this action. The first, 28 U.S.C. § 1331, is specifically excluded by the terms of 42 U.S.C. 405(h). The second, 28 U.S.C. § 1361, provides for jurisdiction in the district court "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In order to apply § 1361, this Court would have to find both that the Department of Health and Human Services had a duty to pay the challenged claims and that plaintiff had exhausted all other avenues of relief. *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Given the fact that one of the agents of the plaintiff has pled guilty to two counts of fraud in connection with the claims at issue here, this Court cannot find that the agency had a duty to pay the challenged claims. The validity of those claims must be exhaustively adjudicated through the proper administrative channels. No showing of exhaustion of administrative remedies has been made. Mandamus is not appropriate under these circumstances.

The third basis for jurisdiction is 28 U.S.C. § 2201, which creates the remedy of declaratory judgment. However, this section does not extend the subject matter jurisdiction of the district courts, but only provides a remedy where jurisdiction already exists. *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The Declaratory Judgment Act therefore cannot supply the necessary basis for jurisdiction in this case.

The final basis asserted to support jurisdiction is 5 U.S.C. §§ 701–706, the provisions for judicial review under the Administrative Procedure Act. However, that Act clearly cannot provide the necessary

jurisdictional basis. Section 701(a)(1) states that "This chapter applies . . . except to the extent that statutes preclude judicial review. . . ." 42 U.S.C. § 405(h) prohibits review of findings of fact and decisions of the Secretary "except as herein provided." There is no provision for application of the Administrative Procedure Act, and therefore it cannot supply the jurisdictional basis for this action.

■ In *Heckler v. Ringer*, —— U.S. ——, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) the Supreme Court held that 42 U.S.C. § 405(h), applicable to the Medicare Act under 42 U.S.C. § 1395ii, makes 42 U.S.C. § 405(g) the sole avenue for judicial review of all claims arising under the Medicare Act. The claims against the federal defendants are clearly such as § 405 was meant to cover. Plaintiff's claims against defendant Ray Scott as Director of the Arkansas Department of Human Services appear to be entirely derivative of its claims against the federal defendants. No viable basis for jurisdiction over any of the defendants has been advanced, and this Court therefore finds that it has no jurisdiction of this cause of action. The motion to dismiss is granted.